IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN ANDERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.   2:21-CV-1399 |
| | ) | |
| v. | ) | |
| | ) | |
| **DIVERSIFIED GAS & OIL CORPORATION,** | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

Plaintiff, Brian Anderson, seeks lost wages and benefits, liquidated damages, costs, and attorney's fees because Defendant, Diversified Gas & Oil Corporation, terminated his employment because of his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.

### II. JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On October 14, 2020, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant, alleging age discrimination as the cause of his termination. On July 20, 2021, the EEOC issued a Notice of Right to Sue.

### III. PARTIES

4. Plaintiff, Brian Anderson, is an adult individual who resides at 1173 Wells Road, Smicksburg, PA 16256.  At the time of the incidents complained of in this lawsuit and presently, he was and is a citizen of the Commonwealth of Pennsylvania and the United States of America.

5. Defendant, Diversified Gas & Oil Corporation, is a gas and oil production company. It is headquartered at 1800 Corporate Drive, Birmingham, AL 35242.

### IV. STATEMENT OF CLAIM

6. In 2016, Anderson began working for Defendant as a Roustabout/Mechanic at its PA North Division.

7. In addition to Anderson, three other individuals held the same job title during his employment with Defendant.

8. The other Roustabout/Mechanics were 36 years old, 44 years old, and 47 years old.

9. At the time of his termination, Anderson was 59 years old.

10. Anderson had more seniority and experience on the job than the individuals who were 36 years old and 44 years old.  He was also qualified to perform each of his colleagues' job duties.

11. At no point during his employment with Defendant did Anderson receive any writeups or disciplinary action.

12. Throughout his employment with Defendant, Nick Armstrong, Anderson's supervisor, referred to him as "old man" or "old bugger."

13. On June 30, 2020, Defendant terminated Anderson's employment, citing a reduction in force as a result of the economic downturn.

14. Defendant retained the three younger Roustabout/Mechanics.

15. In the OWBPA disclosure that Anderson received, Defendant classified him as being in a Lease Operator role, which is inaccurate.

16. In Paragraph B of that disclosure, the selection criteria are listed as including "production output and performance," neither of which applied to Anderson's position as a Roustabout/Mechanic.

17. As demonstrated above, Defendant elected to terminate Anderson's employment because of his age.

V.     CLAIMS FOR RELIEF

COUNT I – VIOLATION OF ADEA – TERMINATION

18. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

19. Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.

20. Defendant's decision to terminate Plaintiff was induced by its intent to discriminate against Plaintiff based on his age.

21. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a)     Assume jurisdiction herein;

(b)     Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c)     Award Plaintiff wage loss damages, including back pay, front pay, and lost future earnings, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d)     Award Plaintiff liquidated damages;

(e)     Award Plaintiff pre- and post-judgment interest;

(f)     Award Plaintiff costs and attorney's fees; and

(g)     Grant such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ Nicholas W. Kennedy

Nicholas W. Kennedy
PA ID No. 317386

QuatriniRafferty
550 E. Pittsburgh St.
Greensburg, PA 15601